IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wildcat Retro Brands LLC, | C/A No. 8:20-cv-04207-DCC |
| Plaintiff, | |
| v. | |
| NWL Distributing LLC, Vetta LLC, Blue Point Capital Partners LLC, Keybank LLC, Amazon.com Sales LLC, Lakeshirts Inc, | **OPINION AND ORDER** |
| Defendants. | |

This matter is before the Court on Defendant Amazon.com Sales, LLC's ("Defendant Amazon")[1] Motion to Dismiss Complaint. ECF No. 15. Plaintiff filed a response in opposition, and Defendant Amazon filed a reply. ECF Nos. 29, 32.

## **BACKGROUND**

The following statement of facts is drawn from the allegations of the Complaint. *See* ECF No. 1. For several years prior to the events that gave rise to Plaintiff's claims, Plaintiff supplied goods for sale to Defendant NWL Distributing, LLC ("NWL"). *Id*. ¶ 12. Plaintiff sold goods to NWL on credit, and NWL arranged for shipping of the purchased goods either to its facility in Greenwood, South Carolina for subsequent sale on Amazon's

---

[1] It appears from the briefing that Amazon.com Sales, LLC, is incorrectly named as a party to this suit. *See* ECF No. 15 at 1 n.1 ("Amazon believes the intended entity is Amazon.com Services LLC, since it is the contracting entity with Defendant NWL Distributing, LLC"). However, because Defendant Amazon does not raise this error as a basis for dismissal, the issue is not properly before the Court.

website or directly to Amazon's warehouses. *Id*. ¶ 13. The purchased goods were sold on Amazon's website under NWL's trade name "Elite Fan Shop." *Id*.

In May and June of 2020, Plaintiff received large orders from NWL for custom-printed facemasks and neck gaiters along with other apparel. *Id*. ¶ 15. The orders were placed with a request for expedited manufacture and shipment between June 1, 2020 and August 2020. *Id*. Based on NWL's assurance of payment, including a written schedule of future payments, Plaintiff extended further credit to NWL. *Id*. ¶ 16–17. Meanwhile, however, Defendants Vetta, LLC ("Vetta") and/or Blue Point Capital Partners, LLC ("Blue Point") were exercising their control over NWL[2] to transfer its excessive liquid assets to Vetta and ultimately to Blue Point. *Id*. ¶ 18. This transfer left NWL "significantly underfunded and without cash to pay its obligations," but NWL was directed to continue ordering and purchasing large quantities of inventory. *Id*. In or around July 2020, Defendant Keybank, LLC ("Keybank"), a lender to Vetta, took control of Vetta pursuant to agreements with Blue Point and operated the company in an attempt to secure repayment of its loans. *Id*. ¶ 21.

In August 2020, at the direction of Keybank, NWL refused two of Plaintiff's shipments and informed Plaintiff that it had been directed to cancel all additional orders. *Id*. ¶ 22. In addition to the refused shipments of custom-printed goods, Plaintiff had already manufactured pieces of additional goods pursuant to NWL's orders. *Id*.

Keybank subsequently sold NWL, with the consent and agreement of Blue Point and/or Vetta's board of directors, to creditor Defendant Lakeshirts, Inc. ("Lakeshirts")

---

[2] Plaintiff alleges that Vetta is the "parent company" and "sole member" of NWL, and that Blue Point "appoints and controls the management team of Vetta and directs its development structure and . . . its day to day operational dec[i]sions." ECF No. 1 ¶ 3–4.

under an agreement that failed to provide for the payment of NWL's obligations to Plaintiff. *Id*. ¶ 24.  In full or partial consideration of the cancellation of NWL's obligations to Lakeshirts, Lakeshirts received Plaintiff's delivered and unpaid-for goods as well as the trade name Elite Fan Shop and the rights to do business with Defendant Amazon.  *Id*. ¶ 25.  Lakeshirts was aware at the time of purchase that Plaintiff had not been paid for its goods.  *Id*. ¶ 26.  Meanwhile, in August and September of 2020, NWL's officers and employees continued to assure Plaintiff that their obligations would be paid and that legal action was unnecessary.  *Id*. ¶ 27.

With respect to Defendant Amazon, specifically, Plaintiff alleges that Defendant Amazon facilitated the sale of NWL's assets to Lakeshirts by releasing its UCC lien against NWL.  *Id*. ¶ 28.  As of the date of filing, Defendant Amazon continues to sell Plaintiff's unpaid-for inventory for the benefit of Lakeshirts' account.  *Id*. ¶ 29.  In addition, Defendant Amazon continues through its search algorithm to direct customers who search for Retro Brand facemasks, neck gaiters, and apparel to the Elite Fan Shop (now owned by Lakeshirts) instead of to other vendors selling Plaintiff's goods.  *Id*. ¶ 30.

Plaintiff alleges two claims against Defendant Amazon: civil conspiracy and violation of the Unfair Trade Practices Act.  Defendant Amazon moves for dismissal of pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 15.

## APPLICABLE LAW

### *Failure to State a Claim*

Rule 12(b)(6) of the Federal Rules of Civil Procedures permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  Such a motion tests the legal sufficiency of the complaint and "does not resolve contests

surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in the light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## **DISCUSSION**

### *Unfair Trade Practices Act*

Plaintiff's alleges a fifth cause of action under the "Unfair Trade Practices Act" without citation to a particular statute in that section of the Complaint. Without further clarification, it might appear that Plaintiff intended to refer to the South Carolina Unfair

4

Trade Practices Act ("SCUTPA"), S.C. Code. Ann. § 39-5-10 *et seq*. However, earlier in the Complaint, Plaintiff specifically alleges:

> That jurisdiction is proper in this Court pursuant to both federal question under 15 U.S.C. § 45 (Unfair Trade Practices Act) and 28 U.S.C. § 1332 (diversity of citizen ship [sic]).

ECF No. 1 ¶ 8. As a counseled party, Plaintiff is not entitled to liberal construction. *C.f. Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (pro se litigants entitled to liberal construction of their pleadings). Although Plaintiff may, in fact, have intended to allege a claim pursuant to SCUTPA, that intention was not made clear and would be in direct contradiction with its citation to 15 U.S.C. § 45. This Court is therefore compelled to take Plaintiff at its word and to construe all references to the "Unfair Trade Practices Act" as references to 15 U.S.C. § 45, the Federal Trade Commission Act.

As such, Plaintiff's fifth cause of action is subject to dismissal. "It is well-settled that there is no private, federal claim for which this court can grant relief for violations of the Federal Trade Commission Act." *Summey v. Ford Motor Credit Co.*, 449 F. Supp. 132, 135 (D.S.C. 1976) (citations omitted), *aff'd*, 573 F.2d 1306 (4th Cir. 1978); *Hoffman v. Sycamore*, 2021 WL 1132529, at *5 (D.S.C. Jan. 12, 2021). Because no private right of action exists under 15 U.S.C. § 45, the Court grants Defendant Amazon's motion on that claim.

**Subject-Matter Jurisdiction**

The present Order dismisses Plaintiff's fifth cause of action only as to the moving party, Defendant Amazon. However, the rationale for its dismissal appears to apply equally to all defendants. Federal courts "have an independent obligation to determine

5

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). Because 15 U.S.C. § 45 does not confer a private right of action and, therefore, cannot form a basis for federal question jurisdiction, it seems that the Court's subject-matter jurisdiction over this action rests on diversity of citizenship alone. For federal diversity jurisdiction to exist pursuant to 28 U.S.C. § 1332, "no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. Ltd. Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

It cannot be determined on the face of the Complaint whether complete diversity exists in this case. The named parties include six limited liability companies ("LLCs") and one corporation.[3] "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Passport Health, LLC v. Avance Health Sys.*, 823 F. App'x 141, 153 (4th Cir. 2020) (quoting *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)). A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Neither the member citizenships of the LLCs, nor the state of incorporation and principal place of business of the corporation, are alleged in the Complaint. *See* ECF No. 1 ¶ 1–7. Both Plaintiff and Defendant Amazon are therefore ordered to inform the

---

[3] It appears that the single corporation named in the Complaint is, in fact, an improperly named LLC. *See* ECF No. 12 at 1 ("Defendant Lakeshirts, LLC, improperly named in Plaintiff's Complaint as 'Lakeshirts, Inc.' . . . .").

Court of the citizenship of all their members for the purpose of determining whether the requirements of federal subject-matter jurisdiction have been met. In the interest of judicial economy, the remaining Defendants will be instructed likewise by separate Order.

## CONCLUSION

For the reasons set forth above, Defendant Amazon's Motion to Dismiss [15] is **GRANTED IN PART**. Plaintiff's claim against Defendant Amazon pursuant to the Unfair Trade Practices Act is **DISMISSED WITHOUT PREJUDICE**. The Court **RESERVES RULING** on the remainder of Defendant Amazon's Motion until such time as federal subject-matter jurisdiction can be established.

Both Plaintiff and Defendant Amazon are hereby **ORDERED**, within fourteen (14) days of the filing of this Order, to inform the Court of the citizenship of all their members for the purpose of determining whether the requirements of federal subject-matter jurisdiction are satisfied.

Plaintiff is further **ORDERED**, within fourteen (14) days of the filing of this Order, to show cause as to why its claim pursuant to 15 U.S.C. § 45 is not subject to dismissal with respect to the remaining Defendants. Failure to respond will be construed as consent to dismiss the fifth cause of action against all Defendants without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 20, 2021
Spartanburg, South Carolina