IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Wildcat Retro Brands LLC, | ) | C/A No. 8:20-cv-04207-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NWL Distributing LLC, Vetta LLC, | ) | **OPINION AND ORDER** |
| Blue Point Capital Partners LLC, | ) | |
| Keybank LLC, Amazon.com Sales LLC, | ) | |
| Lakeshirts Inc, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the remaining, undecided portion of Defendant Amazon.com Sales, LLC's ("Defendant Amazon")[1] Motion to Dismiss Complaint and associated briefing. ECF Nos. 15, 29, 32.

## **BACKGROUND**

Defendant Amazon's Motion to Dismiss was filed February 19, 2021. ECF No. 15. On April 20, 2021, the Court issued a partial ruling which granted dismissal of Plaintiff's only federal claim.[2] ECF No. 45. Because Plaintiff alleged no other federal claims and the basis for diversity jurisdiction had not been adequately pled, the Court deferred ruling

---

[1] As previously noted by this Court, it appears that Amazon.com Sales, LLC, is incorrectly named and that the intended party is Amazon.com Services LLC. *See* ECF No. 15 at 1 n.1. Defendant Amazon does not raise this error as a basis for dismissal.

[2] The Order issued on April 20, 2021, dismissed the federal claim against Defendant Amazon only. In a subsequent Order, having provided notice and an opportunity to object, the Court dismissed the federal claim against all Defendants. ECF No. 54. Plaintiff indicated in open court on May 19, 2021, that it had no intention to amend its Complaint to resuscitate that claim or to bolster any other.

1

on Plaintiff's state law claims until diversity of citizenship could be satisfactorily established.

Following its receipt of further briefing by all parties,[3] the Court is satisfied that diversity of citizenship exists. The remainder of Defendant Amazon's Motion to Dismiss is accordingly ripe for decision. The factual background of this case, as alleged in the Complaint, was fully set forth in the Court's prior Order and is incorporated herein. *See* ECF No. 45 at 1–3.

## APPLICABLE LAW

*Failure to State a Claim*

Rule 12(b)(6) of the Federal Rules of Civil Procedures permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in the light most favorable to the

---

[3] In addition to ordering additional briefing, the Court was obliged to issue an Order to Show Cause and conduct a show cause hearing due to Plaintiff's failures to respond. ECF Nos. 55, 59. However, the Court ultimately declined to impose sanctions.

nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## **DISCUSSION**

Plaintiff's only remaining cause of action against Defendant Amazon is a claim for civil conspiracy. Under South Carolina law, "a plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Paradis v. Charleston Cnty. Sch. Dist.*, Opinion No. 28030, 2021 WL 1992245, at *6 (S.C. May 19, 2021).[4] Under the liberal standard of Rule 12(b)(6), the Court finds Plaintiff has alleged sufficient facts to state a facially plausible claim for relief. *See Twombly*, 550 U.S. at 570.

---

[4] In deciding *Paradis*, the Supreme Court of South Carolina departed from its prior civil conspiracy case law and "return[ed] to the traditional definition of civil conspiracy." 2021 WL 1992245, at *1. The Court therefore applies the rule of *Paradis* to Plaintiff's claim. However, the Court notes that the application of pre-*Paradis* case law would not alter the result reached below.

3

First, Plaintiff specifically alleges that Defendant Amazon "joined purposes" with other Defendants "to divest Plaintiff of its goods without payment." ECF No. 1 ¶ 47. This allegation, though not detailed, is more than conclusory. It alleges (1) an agreement between six named parties, (2) for an unlawful purpose (i.e., to divest Plaintiff of its goods without payment). *See*, *e.g.*, *Charleston Aluminum, LLC v. Samuel, Son & Co., Inc.*, C/A No. 3:05-cv-02337-MBS, 2006 WL 2370292, at *2 (D.S.C. Aug. 15, 2006) (finding sufficient an allegation that "Kaiser and Samuel combined for the purpose of ruining or damaging Charleston Aluminum's business and its reputation and for gaining a competitive edge in the marketplace"). Plaintiff also alleges a motive for Defendant Amazon's participation in the scheme. ECF No. 1 ¶ 48(E) ("[S]uch plan and scheme would allow . . . Amazon to be able to continue the successful operation of Elite Fan Shop and derive profits from its warehousing, fulfillment and sale of what had been NWL's inventory."). Without a doubt, additional details about the nature of the agreement and its implementation would strengthen Plaintiff's claims. However, the Court reiterates that the Rule 12(b)(6) standard is a liberal one and finds that the first two elements of a civil conspiracy claim are sufficiently alleged.

Second, Plaintiff alleges the commission of several overt acts in furtherance of the conspiracy to divest Plaintiff of its goods without payment. Plaintiff alleges that Defendant Amazon "agreed to continue to use Plaintiff's name in its search engine algorithms" and that it "transferred to the benefit of Lakeshirts the inventory supplied by Plaintiff and for which Plaintiff had not been paid." ECF No. 1 ¶¶ 28, 46. In addition, Plaintiff alleges several overt acts by other Defendants in furtherance of the conspiracy. *Id*. ¶¶ 40–44; *see Paradis*, 2021 WL 1992245, at *2 ("Each conspirator is liable for all damages naturally

resulting from any wrongful act of a co-conspirator in exercising the joint enterprise.") (quoting *Charles v. Texas Co.*, 18 S.E.2d 719, 726 (S.C. 1942))).  At this stage of proceedings, therefore, the Court finds adequate allegation of an overt act in furtherance of the conspiracy.[5]

Finally, Plaintiff has clearly alleged damages resulting from the civil conspiracy, including but not limited to: the costs of repackaging undelivered goods; the cost of delivery of such goods; and a reduction of potential consumer sales "through the continued use of Plaintiff's name by Amazon to direct Amazon's customers to Elite Fan Shop now owned by Lakeshirts."  ECF No. 1 ¶ 47.  In *Paradis*, the Supreme Court of South Carolina abolished the requirement for a showing of "special damages," i.e.,

---

[5] In reaching this conclusion, the Court does not consider Plaintiff's allegations regarding the release of Defendant Amazon's UCC lien. Plaintiff alleges that Defendant Amazon "was required and cooperated in the release" of its lien "in order to facilitate the transfer of assets" from Defendant NWL Distributing, LLC ("NWL") to Defendant Lakeshirts, Inc. ("Lakeshirts").  ECF No. 1 ¶ 45.  However, Defendant Amazon attaches to its briefing a copy of the referenced release—which was filed with the UCC on March 2, 2018, more than two years before NWL placed any of the merchandise orders at issue. ECF No. 15-2 at 4.  Plaintiff neither disputes the authenticity of this evidence nor makes any argument that the UCC filing is not integral to the Complaint.  *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) ("Specifically [under Rule 12(b)(6)], a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed.") (citations omitted).  At the very least, the Court finds it proper in this case to take judicial notice of the date of the release's filing with the UCC.  *See, e.g., Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1092 (N.D. Cal. 2014) (taking judicial notice of UCC Financing Statement); *Noble Sys. Corp. v. ACI Telecentrics, Inc.*, 2007 WL 9735468, at *2–3 (D. Minn. Jan. 22, 2007) (same).  Because the date of filing directly contradicts Plaintiff's factual allegation that the lien was terminated to facilitate NWL's sale, that factual allegation is not properly considered in support of Plaintiff's civil conspiracy claim.

damages resulting uniquely from the conspiracy.[6]  The Court therefore has no difficulty in finding the fourth element sufficiently alleged.

In sum, although Defendant Amazon raises significant issues with respect to Plaintiff's factual allegations, "the requirement of plausibility does not impose a probability requirement at this stage." *Iqbal*, 556 U.S. at 678.  The Court is constrained to assume the truth of the facts alleged and, so doing, finds the civil conspiracy claim sufficient to state a claim for relief against Defendant Amazon.[7]  Accordingly, the Motion to Dismiss is denied as to Plaintiff's second cause of action.

## **CONCLUSION**

As stated above, the Court previously granted a portion of this Motion.  For the reasons set forth above, the remainder of Defendant Amazon's Motion to Dismiss [15] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 12, 2021
Spartanburg, South Carolina

---

[6] However, even under the formerly applicable special damages requirement, the Court would find the Complaint's allegations sufficient.  In particular, the allegation of "reduction of potential consumer sales" appears in no other surviving portion of the Complaint.  ECF No. 1 ¶ 47(D).

[7] Both parties should be aware that while Plaintiff's claim ever so slightly clears the relatively low bar required at this procedural posture, the thread of inferences drawn from Plaintiff's allegations to reach this conclusion may not be sufficient to withstand more substantive motions in the event they are filed.